*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

_____

Before
MONAHAN, STEPHENS, and FOIL
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Johnny GARCIA-CRUZ**
Corporal (E-4), U.S. Marine Corps
*Appellant*

**No. 202000234**

Decided: 22 October 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Stephen F. Keane

Sentence adjudged 10 August 2020 by a special court-martial convened at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, forfeiture of two-thirds pay per month for 10 months, confinement for 10 months, and a bad-conduct discharge.

For Appellant:
*Lieutenant Commander Jacqueline M. Leonard, JAGC, USN*

For Appellee:
*Lieutenant John L. Flynn IV, JAGC, USN*
*Lieutenant Gregory A. Rustico, JAGC, USN*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

Appellant was convicted in accordance with his pleas of assault consummated by a battery and extramarital sexual conduct in violation of Articles 128 and 134, Uniform Code of Military Justice [UCMJ].[1]

Appellant asserts one assignment of error: Did the military judge's actions and comments put into doubt the fairness and impartiality of Appellant's court-martial?

After reviewing the record of trial and the parties' briefs, we find no prejudicial error and we affirm the findings and sentence.

## I. BACKGROUND

In October 2019, after being out with friends for drinks the previous evening, Appellant was running down the street in the family housing area on Marine Corps Base Camp Pendleton looking for a friend's home. Appellant saw a woman approaching him from the driveway of a nearby home. The woman, Ms. Hotel,[2] stopped him and asked for a cigarette. He did not have a cigarette, but the woman offered to help him find his friend's house and followed him down the street. As they walked over to a park area, Ms. Hotel tripped going down a hill. Appellant joined her on the ground, where they talked some more. Appellant positioned himself on top of her, where they "got intimate."[3] This led to "consensual sexual intercourse."[4]

Afterwards, Appellant became concerned that Ms. Hotel would follow him to his friend's house. Although Appellant was recently estranged from his wife and pursuing a divorce, he did not want his friends to see him arrive in

_____

[1] 10 U.S.C. §§ 928, 934.

[2] All names in this opinion, other than those of the judges and counsel, are pseudonyms.

[3] R. at 24.

[4] *Id.*

the middle of the night with a woman other than his wife. He told Ms. Hotel that she should return to her home. But she refused to stop following him, so he picked her up and carried her over his shoulder back to her garage and ran away.

Appellant pleaded guilty to assault consummated by a battery of Ms. Hotel for picking her up and carrying her home, and to engaging in extramarital sexual conduct with her. During an unsworn victim impact statement made during Appellant's sentencing proceeding, Ms. Hotel asserted that the sexual intercourse was not consensual. However, the stipulation of fact agreed to by the Government indicated that the sexual intercourse was consensual.[5]

After Ms. Hotel made her unsworn statement, the military judge—curious about this discrepancy over whether the sexual intercourse was consensual—asked trial counsel who drafted the stipulation of fact. The military judge commented that he was bound by the facts in the stipulation of fact for purposes of sentencing. After confirming that the trial counsel wrote it, said "Because I don't think the Defense could have [written] it any better."[6]

While discussing on the record the possibility Appellant would need to register as a sex offender, the military judge observed that Appellant had pleaded guilty to assault and an offense which involved sexual intercourse which occurred in the same time period, and he said that these two offenses occurring together would normally be considered sexual assault or rape. However, the military judge then clarified that, because the way the stipulation of fact was written, with a break in time and a distinction between the two acts, he did not think Appellant would have to register as a sex offender.

Immediately after announcement of sentence, the military judge discussed contempt of court with civilian defense counsel [CDC]. During the course of the court-martial, a Defense expert witness withdrew from the case without leave of court. Due to this, the military judge initiated contempt proceedings against CDC, and the Defense expert witness. The military judge concluded that he could not formally hold CDC in contempt, because he had

---

[5] Pros. Ex. 1 at 4.

[6] *Id.* at 78.

not previously issued appropriate warnings as required by *United States v. Burnett*.[7]

There was no motion made at trial by Appellant to disqualify the military judge.

## II. DISCUSSION

### A. Standard of Review and the Law

If not raised until appeal, the issue of the impartiality of the military judge is reviewed for plain error, which is error that is plain or obvious and that is materially prejudicial to a substantial right of the accused.[8]

"An accused has a constitutional right to an impartial judge."[9] The two categories for judicial disqualification under Rule for Court-Martial 902 are actual bias and the appearance of bias.[10] A military judge shall disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned even if there is no actual bias.[11]

A military judge may seek clarification regarding a contradiction in the evidence.[12]

### B. Comments on the Evidence

With regard to his comments concerning the stipulation of fact, the military judge made it clear on the record that he would have to consider the sexual act to be consensual unless the parties withdrew from the stipulation and potentially the plea agreement. These comments were reasonable because of the unusual situation in this case, where the plea agreement required Appellant to not object to Ms. Hotel's victim impact statement

---

[7] 27 M.J. 99 (C.M.A. 1988). The military judge did not hold the defense expert witness in contempt, either.

[8] *United States v. Martinez*, 70 M.J. 154*,* 157 (C.A.A.F. 2011).

[9] *United States v. Wright*, 52 M.J. 136, 140 (C.A.A.F. 1999).

[10] *United States v. Quintanilla*, 56 M.J. 37, 44-45 (C.A.A.F. 2001).

[11] *Id.* at 44.

[12] *See United States v. Reynolds*, 24 M.J. 261, 264 (C.M.A. 1987) (finding a military judge does not lay aside impartiality by asking questions in the appropriate case to clarify factual uncertainties).

characterizing the sexual act as not consensual, but the Government and Appellant stipulated that it was consensual.[13] Therefore, it was appropriate for the military judge to ascertain the intent of the parties and to make a clarification on the record. Furthermore, the military judge's comments regarding whether Appellant would need to register as a sex offender appear to be nothing more than an opinion regarding the application of a paragraph in the plea agreement. The military judge gave no indication on the record that he was going to sentence Appellant for more serious crimes than those reflected by his guilty pleas.

There was no objection made by Appellant's counsel with regard to any of the military judge's comments. Those comments were permissible and did not constitute error, let alone plain error. Furthermore, there is no evidence that Appellant suffered any prejudice resulting from the comments since the sentence was within the range of permissible punishment in the plea agreement.

## C. Contempt Hearing for Civilian Defense Counsel

The military judge held a contempt hearing against the CDC for unprofessional conduct that occurred during the pretrial stage of this case. The military judge waited until after sentencing to discuss CDC's misconduct. Unlike the situation in *Burnett*, this was a military judge-alone trial, so there were no members who could potentially be prejudiced against Appellant by the hearing.[14]

The military judge addressed CDC's behavior in the post-sentencing hearing, but then decided to not find him in contempt because he had not given him *Burnett* warnings.[15] The military judge specifically stated on the record that none of CDC's actions impacted Appellant's right to a fair trial.[16] Indeed, the military judge gave Appellant the option to stay in the courtroom or leave before the start of the contempt hearing. From this, we infer the military judge did not consider the issues to be discussed during the contempt hearing as impacting Appellant's rights whatsoever. Moreover, there was no objection made by Appellant's counsel during the hearing. The military

---

[13] Pros. Ex. 1 at 5–7.

[14] 27 M.J. at 107.

[15] R. at 158.

[16] *Id.* at 153.

judge's actions were permissible and did not constitute error. Furthermore, there is no evidence that Appellant suffered any prejudice resulting from the contempt hearing.

In all, we find that neither the military judge's comments nor the contempt hearing he held against CDC, individually or taken together, demonstrated actual or apparent bias by the military judge towards Appellant.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[17]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[17] 10 U.S.C. §§ 859, 866.